UNITED STATES of America,
Plaintiff–Appellee,

v.

Julio Cesar HUMANA–HERON, also known as Julio Umana–Geron, also known as Jose Orellano–Calistro, Defendant–Appellant.

No. 05–11412
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 2006.

Mark L. Nichols, Assistant U.S. Attorney, Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

William Ernest Hermesmeyer, Federal Public Defender's Office, Northern District of Texas, Fort Worth, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Following a jury trial, Julio Cesar Humana–Heron was convicted of one charge of illegal reentry into the United States after conviction of an aggravated felony and sentenced to serve 63 months in prison. Humana–Heron argues that the district court erred by admitting a warrant of deportation at trial because this document amounted to hearsay. As he concedes, this argument is foreclosed. *See United States v. Valdez–Maltos,* 443 F.3d 910, 911 (5th Cir.), *cert. denied,* — U.S. ——, 127 S.Ct. 265, 166 L.Ed.2d 205 (2006).

Humana–Heron's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

350 (1998). Although Humana–Heron contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Humana–Heron properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Humana–Heron's challenge to his sentence, which was within the applicable guidelines range, is unavailing. His challenge to this court's prior caselaw concerning the presumption of reasonableness attached to sentences that are within the pertinent guidelines range is unavailing. *See United States v. Ruff,* 984 F.2d 635, 640 (5th Cir.1993). His disagreement with the Sentencing Commission's assessment of the seriousness of his offense does not establish that his sentence is unreasonable. *See United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED.